IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MARELLA OFFICER-FRENCH,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>Defendant. | 1:25-cv-00435-DAB-JEP |

**MEMORANDUM AND ORDER**

This matter is before the Court on Marella Officer-French's appeal of an administrative decision denying her application for disability insurance benefits under the Social Security Act. *Complaint Requesting Review of an Administrative Decision Under the Social Security Act*, D.E. 1 (June 2, 2025). Upon cross-motions for judgment, the magistrate judge recommended that the Commissioner's decision finding no disability be affirmed. *Memorandum Opinion and Recommendation of United States Magistrate Judge*, D.E. 11, at p. 16 (Aug. 27, 2026). Officer-French filed objections to the Recommendation. *Plaintiff's Objections to the Magistrate Judge's Memorandum and Recommendation*, D.E. 13 (Sept. 8, 2026). Having reviewed and considered the parties' briefs, the record, and the applicable authority, the Court finds that the Administrative Law Judge (ALJ) did not err in the analysis that Officer-French objects to. Accordingly, the Court will accept the Recommendation and affirm the Commissioner's decision finding no disability.

I. <u>Legal Standard</u>

Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After reviewing the record, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.

If there are no objections to a proposed recommendation, the court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. Proc. 72 advisory committee's note).

The scope of this Court's review is limited to determining "whether the ALJ applied the correct legal standards and whether substantial evidence supports the agency's findings." *Calhoun v. Comm'r of Soc. Sec. Admin.*, No. 24-1315, 2026 WL 2602326, at *1 (4th Cir. Sept. 3, 2026). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brown v. Comm'r of Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (citation modified). It is "more than a scintilla of evidence, but less than a preponderance." *Pac Tell Grp., Inc. v. NLRB*, 817 F.3d 85, 90 (4th Cir. 2015).

This Court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ" when reviewing the ALJ's factual findings. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 383 (4th Cir. 2021) (citation modified). Instead, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citation modified). While this standard is deferential, "ALJs must build an accurate and logical bridge from the evidence to their conclusions" to meet it. *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (citation modified).

## II. Discussion

Officer-French's core objection is that the ALJ failed to include an absenteeism or off task limitation in her residual functional capacity (RFC) to account for her headaches. *See* D.E. 13, at pp. 1–2. Flowing from this core objection, Officer-French raises seven specific objections to the Recommendation. *See id*. at 2. Officer-French faults the Recommendation for: (1) affirming the ALJ's RFC based on rationale the ALJ did not provide, (2) contravening the Fourth Circuit's holding in *Dowling* and its unpublished decision *Woody v. Kijakazi*, No. 22-1437, 2023 WL 5745359 (4th Cir. Sept. 6, 2023) (unpublished), (3) misstating the record regarding the symptoms of her headaches, (4) distinguishing *Woody*, (5) failing to respond to her argument that SSR 19-4p applies, (6) finding a logical nexus between the symptoms of her headaches and the restrictions in the RFC, and (7) engaging in legally erroneous harmless error analysis. *Id*.

First, Officer-French objects that the Recommendation's conclusion that substantial evidence supports the ALJ's factual findings regarding the symptoms of her headaches "rests on grounds the ALJ never invoked." *Id*. at 4. Officer-French is

right to note that "it is not [the reviewing court's] role to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record." *Fox v. Colvin*, 632 F. App'x 750, 755 (4th Cir. 2015). But speculation or hypothesizing is not required in this case, and the Recommendation did not engage in either act. The Recommendation found that the ALJ properly evaluated Officer-French's description of her symptoms. *See* D.E. 11 at p. 10. It did so because the ALJ considered Officer-French's testimony alongside "the entire case record and explained his reasons for deviating from [her] statements regarding the impact of her symptoms." *Id*. Specifically, the "ALJ considered [her] treatment records regarding her headaches," and the ALJ "acknowledged [her] testimony" regarding her symptoms. *Id.* at 10, 13. As such, the Recommendation concluded that the ALJ's factual finding that Officer-French's headaches responded to medication was supported by substantial evidence. *See id*. at 10.

This analysis did not involve inventing justifications the ALJ did not provide in the first instance and then finding support for them in the record. Rather, the Recommendation starts with the ALJ's initial conclusion and finds substantial support for the conclusion in the medical records and hearing testimony that the ALJ considered. *See id.* at 10–13. The ALJ omitted a citation to the record at one point in the RFC narrative, *see Administrative Record – Documents Related to Administrative Process*, D.E. 4-2, at p. 25 (Aug. 19, 2025), but this did not result in a "decision lack[ing] the reasoning necessary for meaningful review," as Officer-French asserts. D.E. 13, at p. 4. Because the Recommendation found substantial evidence for the factual findings the ALJ reached in the first instance, this Court adopts its recommendations regarding the ALJ's treatment of Officer-French's discussion of her symptoms.

Second, Officer-French objects that the Recommendation placed a burden on her that *Dowling* and *Woody* place on the ALJ. *See id.* at 5. In *Dowling*, the ALJ "barely mentioned" the claimant's sitting problems even though the claimant argued that several impairments caused her "discomfort when she sits for a prolonged period of time." 986 F.3d at 388. There, the Fourth Circuit found remand was required because the ALJ did not make a factual finding on the claimant's ability to sit "in the first instance," so, in turn, the ALJ did not discuss what evidence pertained to her ability to sit. *Id.* Similarly, in *Woody*, the Fourth Circuit remanded a case for further proceedings because the ALJ did not "reach an 'express conclusion in the first instance' on the potentially dispositive issue of whether the frequency and severity of [the claimant's] headaches" would cause the claimant to miss work or whether the RFC accounted for the claimant's headaches. *Woody*, 2023 WL 5745359, at *1 (quoting *Dowling*, 986 F.3d at 388). *Dowling* and *Woody* make clear that, if there is evidence in the record that raises the issue, it is incumbent on the ALJ to make a

factual finding on the scope of the claimant's abilities given the evidence in the record.

Officer-French contends that the Recommendation instead placed the burden on her to prove "an absenteeism limitation" before requiring the ALJ to "discuss it." D.E. 13, at p. 6. However, the Recommendation found "the ALJ was not required to include *further* restriction regarding absences and time off task given the lack of support for such [restrictions in the record]." D.E. 11, at p. 13 (emphasis added). Where, as here, the ALJ already made a finding in the first instance on the severity of Officer-French's headaches and explained how the RFC accounts for her symptoms, *see* D.E. 4-2, at pp. 22–27, the ALJ has met its burden under *Dowling* and *Woody*. The Recommendation, then, did not place it on the wrong party by explaining that the record does not require the ALJ to make *additional* findings on absenteeism and time off task. Accordingly, the Court accepts the recommendations on this topic.

Third, Officer-French argues that the Recommendation's statement that she "experienced two flares of migraine activity," D.E. 11, at p. 13, is a selective recitation of the record. *See* D.E. 13, at pp. 11–12. This Court will not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Dowling*, 986 F.3d at 383 (citation modified). It finds that the Recommendation did not do so. To the extent that this objection is an invitation to do so, it is an invitation that this Court must decline. The statement that the objection takes issue with was made in the context of the Recommendation's determination that no discussion of an absenteeism limitation was required where the ALJ already determined how the claimant's headaches impact her ability to work and included limitations in the RFC to account for that impact. The Court has adopted the recommendations on this topic.

Fourth, Officer-French objects to the Recommendation's finding that *Woody* is distinguishable from her case. *See* D.E. 13, at pp. 12–13. This Court agrees with the Recommendation that *Woody* is distinguishable. The ALJ in *Woody* failed to "make specific factual findings" on whether the claimant's headaches were "severe enough to cause her to be absent from work." 2023 WL 5745359, at *1. The ALJ failed to make this finding even though the claimant had headaches "about once a week" even after receiving treatment. *See id*. Here, the ALJ did make a finding that Officer-French's headaches "responded to medication." D.E. 4-2, at p. 25. And, as the Recommendation notes, the record in this case also "differs significantly" from *Woody* because there is not the same evidence in this case of weekly headache frequency despite treatment. D.E. 11, at p. 14 n. 5. Finding *Woody* distinguishable, this Court adopts the recommendations on this topic.

Fifth, Officer-French faults the Recommendation for failing to respond to her argument that the ALJ did not apply the correct legal standard in evaluating her headaches. *See* D.E. 13, at pp. 13–14. Officer-French did argue in her Dispositive Brief that the ALJ failed to follow Social Security Ruling (SSR) 19-4p in determining her RFC. *See Plaintiff's Dispositive Brief,* D.E. 7, at pp. 7–8 (Sept. 18, 2025). As relevant here, SSR 19-4p provides guidance on how to consider headaches in determining a claimant's RFC. *See Soc. Sec. Ruling, SSR 19-4p; Titles II & XVI: Evaluating Cases Involving Primary Headache Disorders*, SSR 19-4p, 2019 WL 4169635, at *7–8 (Aug. 26, 2019). While the ALJ did not cite SSR 19-4p in the RFC assessment, the ALJ did follow the two requirements set out in SSR 19-4p for considering headaches in the RFC assessment. *See* D.E. 4-2, at 22–27; SSR 19-4p, 2019 WL 4169635, at *7–8.

First, SSR 19-4p directs ALJs to "consider and discuss" the "limiting effects" of the headaches and "any related symptoms." SSR 19-4p, 2019 WL 4169635, at *7. ALJs must also consider "the extent to which the person's impairment-related symptoms are consistent with the evidence in the record." *Id.* at *8. At this step in the analysis, "[c]onsistency and supportability between reported symptoms and objective medical evidence is key in assessing the RFC." *Id*. The ALJ here engaged in this analysis. *See* D.E. 4-2, at 22–27. First, the ALJ discussed the limiting effects of Officer-French's headaches, including the fact that her headaches "can cause nausea and vomiting" and that "she gets dizzy with headaches," but found that the headaches "responded to medication." *Id*. at 23, 25. Second, the ALJ considered Officer-French's description of the symptoms of her headaches, *see id.* at 23, and found her statements describing her symptoms to be "not entirely consistent with the medical evidence and other evidence in the record." *Id.* at 24. The Court finds the ALJ did not err.

Sixth, Officer-French argues that the Recommendation did not respond to her argument that there is no logical nexus between the symptoms of her headaches and the restrictions in the RFC to account for them. *See* D.E. 13, at p. 14. This is not the case. The Recommendation addresses how the ALJ's limitations in the RFC account for her symptoms. *See* D.E. 11, at p. 13. Again, to the extent that this objection is an invitation to re-weigh the evidence or question the ALJ's judgment, this Court must decline it. *See Dowling*, 986 F.3d at 383. If, instead, it is a contention that the ALJ failed to explain how the restrictions in the RFC account for Officer-French's symptoms, then the Recommendation's analysis demonstrates that is not the case. *See* D.E. 11, at p. 13. As such, this Court adopts the Recommendation on this issue.

Finally, Officer-French objects that the Recommendation engaged in legally erroneous harmless error analysis. *See* D.E. 13, at p. 15. Specifically, Officer-French

argues that the "ALJ never built the required logical bridge from a limitation the vocational expert testified would be work-preclusive to the conclusion" and that any error in so doing is not harmless. *Id.* Here, the Court reaffirms that it has already adopted the Recommendation's conclusion that, on this record, the ALJ did not err on this issue.

Accordingly, it is ORDERED that the Recommendation, D.E. 11, is ADOPTED and the Commissioner's decision finding no disability is AFFIRMED. It is further ORDERED that Plaintiff's Dispositive Brief, D.E. 7, is DENIED, Defendant's Dispositive Brief, D.E. 9, is GRANTED, and this action is DISMISSED WITH PREJUDICE.

A Judgment will be entered contemporaneously with this Order.

This the 30th day of September, 2026.

*/s/ David A. Bragdon*
United States District Judge